No. 25-11060

---

**IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT**

---

PETER SABINE, ON BEHALF OF F.S., A MINOR,

*Plaintiff-Appellant,*

v.

CARROLL INDEPENDENT SCHOOL DISTRICT, THROUGH ITS BOARD OF TRUSTEES; DOE DEFENDANTS 1–20, INCLUSIVELY,

*Defendants-Appellees.*

---

On Appeal from the United States District Court for the Northern District of Texas, Fort Worth Division

---

**BRIEF OF APPELLEE**

---

Timothy Davis
State Bar No. 24086142
tdavis@jw.com
Allison Allman
State Bar No. 24094023
aallman@jw.com
JACKSON WALKER LLP
777 Main Street, Suite 2100
Fort Worth, Texas 76102
(817) 334-7200

*Counsel for Defendant-Appellee Carroll Independent School District*

## CERTIFICATE OF INTERESTED PERSONS

No. 25-11060, *Sabine v. Carroll Independent School District, et al.*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

1. Defendant-Appellee Carroll Independent School District is an independent governmental entity.

2. Defendant-Appellee is represented in the Fifth Circuit by:

Timothy Davis
Allison Allman
JACKSON WALKER LLP
777 Main Street, Suite 2100
Fort Worth, Texas 76102
(817) 334-7200

3. Defendant-Appellee was represented in the district court by:

Timothy Davis
Allison Allman
Alexandra Williams
JACKSON WALKER LLP
777 Main Street, Suite 2100
Fort Worth, Texas 76102
(817) 334-7200

4. Plaintiff-Appellant is Peter Sabine.

5. Plaintiff-Appellant is represented in the Fifth Circuit by:

Keith Altman
THE LAW OFFICE OF KEITH ALTMAN
30474 Fox Club Drive
Farmington Hills, Michigan 48331
(248) 987-8929

6. Plaintiff-Appellant was represented in the district court by:

Keith Altman
THE LAW OFFICE OF KEITH ALTMAN
30474 Fox Club Drive
Farmington Hills, Michigan 48331
(248) 987-8929

-and-

Brandy M. Austin
THE BRANDY AUSTIN LAW FIRM, PLLC
2404 Rosevelt Drive
Arlington, Texas 76016
(817) 841-9906

-and-

Solomon Radner
RADNER LAW GROUP PLLC
17515 West Nine Mile Road, Suite 1050
Southfield, MI 48075
(877) 723-6375

/s/ *Timothy Davis*
Timothy Davis
Counsel for Defendant-Appellee
Carroll Independent School District

## Statement Regarding Oral Argument

Oral argument is unnecessary to affirm the straightforward decision below to dismiss Plaintiff's claim. If the Court decides that oral argument would help resolve this appeal, however, Defendant requests the opportunity to present its position.

## TABLE OF CONTENTS

**Page**

Certificate of Interested Persons .......... i

Statement Regarding Oral Argument .......... iii

Table of Authorities .......... vi

Introduction .......... 1

Restatement of the Issues .......... 3

Statement of the Case .......... 4

I. Factual Background. .......... 4

II. Procedural Background. .......... 5

Standard of Review .......... 6

Summary of the Argument .......... 8

Argument .......... 10

I. The District Court correctly dismissed Plaintiff's § 1983 claim because the assaults were committed by a student, not a state actor. .......... 10

A. No exception to the state-actor requirement applies. .......... 11

1. The special relationship doctrine is inapplicable. .......... 12

2. The unrecognized state-created danger theory was not raised below and could not be met. .......... 17

B. Additionally, no CISD policy or custom was alleged that could impose municipal liability. .......... 21

II. The District Court did not abuse its discretion in dismissing Plaintiff's First Amended Complaint with prejudice. .......... 26

A. No motion for leave or proposed amendment was offered. ........ 27

B. Any amendment would have been futile. ........ 29

Conclusion ........ 31

Certificate of Service ........ 33

Certificate of Compliance ........ 34

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**


*Allen v. Hays*,
65 F.4th 736 (5th Cir. 2023) .......... 6, 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 6

*Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*,
520 U.S. 397 (1997) .......... 23

*Brittany B. v. Martinez*,
494 F. Supp. 2d 534 (W.D. Tex. 2007) .......... 24

*CH Offshore, Ltd. v. Mexiship Ocean CCC S.A. de C.V.*,
163 F.4th 171 (5th Cir. 2025) .......... 30

*City of Canton v. Harris*,
489 U.S. 378 (1989) .......... 22

*DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*,
489 U.S. 189 (1989) .......... *passim*

*Dixon v. Alcorn Cnty. Sch. Dist.*,
499 F. App'x. 364 (5th Cir. 2012) .......... 20

*Doe 1 v. City View Indep. Sch. Dist.*,
150 F.4th 668 (5th Cir. 2025) .......... 7, 26, 29

*Doe 1 v. Rockwall Indep. Sch. Dist.*,
2024 WL 1837967 (N.D. Tex. 2024) .......... 16

*Doe v. Columbia-Brazoria Indep. Sch. Dist. ex rel. Bd. of Trs.*,
855 F.3d 681 (5th Cir. 2017) .......... 18

*Doe v. Dall. Indep. Sch. Dist.*,
194 F. Supp. 3d 551 (N.D. Tex. 2016) .......... 14, 15, 19, 21

*Doe v. Edgewood Indep. Sch. Dist.*,
964 F.3d 351 (5th Cir. 2020) .......... 23

*Doe v. Hillsboro Indep. Sch. Dist.*,
113 F.3d 1412 (5th Cir. 1997) (en banc) .......... 12

*Doe v. Leander Indep. Sch. Dist.*,
2020 WL 13833132 (W.D. Tex. 2020) .......... 16

*Doe v. Sabine Par. Sch. Bd.*,
24 F. Supp. 2d 655 (W.D. La. 1998) .......... 16

*Bright ex rel. Doe v. Tunica Cnty. Sch. Dist.*,
2017 WL 3996409 (N.D. Miss. 2017) .......... 14

*Est. of Brown v. Cypress Fairbanks Indep. Sch. Dist.*,
863 F. Supp. 2d 632 (S.D. Tex. 2012) .......... 12

*Est. of Lance v. Lewisville Indep. Sch. Dist.*,
743 F.3d 982 (5th Cir. 2014) .......... *passim*

*Fisher v. Moore*,
73 F.4th 367 (5th Cir. 2023) .......... 19

*Fletcher v. Lewisville Indep. Sch. Dist.*,
2016 WL 3381296 (E.D. Tex. 2016) .......... 21

*Goldstein v. MCI WorldCom*,
340 F.3d 238 (5th Cir. 2003) .......... 28

*Griffith v. Johnston*,
899 F.2d 1427 (5th Cir. 1990) .......... 12

*Groden v. City of Dall.*,
826 F.3d 280 (5th Cir. 2016) .......... 22

*Hodge v. Engleman*,
90 F.4th 840 (5th Cir. 2024) .......... 6, 7

*Jackson v. Valdez*,
852 F. App'x. 129 (5th Cir. 2021) .......... 25

*James v. Tex. Collin Cnty.*,
535 F.3d 365 (5th Cir. 2008) .................................................. 10

*Johnson v. Crosby Elementary Sch.*,
2024 WL 3641752 (N.D. Tex. 2024) .................................. 15, 18, 25

*Johnson v. Dall. Indep. Sch. Dist.*,
38 F.3d 198 (5th Cir. 1994) .................................................... 21

*Littell v. Hous. Indep. Sch. Dist.*,
894 F.3d 616 (5th Cir. 2018) ............................................. 22, 23

*Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*,
675 F.3d 849 (5th Cir. 2012) .......................................... *passim*

*Mandujano v. City of Pharr, Texas*,
786 F. App'x. 434 (5th Cir. 2019) ............................................ 28

*Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*,
751 F.3d 368 (5th Cir. 2014) ......................................... 7, 29, 30

*McKinney v. Irving Indep. Sch. Dist.*,
309 F.3d 308 (5th Cir. 2002) .................................................. 28

*McLemore v. Lumen Technologies, Inc.*,
2026 WL 252698 (5th Cir. 2026) ............................................... 7

*Monell v. N.Y.C. Dep't of Soc. Servs.*,
436 U.S. 658 (1978) ........................................................ 9, 22, 24

*Pineda v. City of Hous.*,
291 F.3d 325 (5th Cir. 2002) .................................................. 23

*Piotrowski v. City of Houston*,
237 F.3d 567 (5th Cir. 2001) .................................................. 23

*Porretto v. City of Galveston Park Bd. of Trs.*,
113 F.4th 469 (5th Cir. 2024) ............................................. 7, 30

*Priester v. Lowndes Cnty.*,
354 F.3d 414 (5th Cir. 2004) .................................................. 11

*Rideau v. Keller Indep. Sch. Dist.*,
2012 WL 12885087 (N.D. Tex. 2012)........................................18

*Robinson v. Hunt Cnty., Tex.*,
921 F.3d 440 (5th Cir. 2019)........................................23

*Robinson v. Webster Cnty., Miss.*,
825 F. App'x. 192 (5th Cir. 2020)........................................13, 18

*Roe v. United States*,
839 F. App'x. 836 (5th Cir. 2020)........................................27, 28

*Salinas v. City of Hous.*,
138 F.4th 822 (5th Cir. 2025)........................................29

*Scanlan v. Tex. A & M Univ.*,
343 F.3d 533 (5th Cir. 2003)........................................19

*Rollins v. Home Depot USA*,
8 F.4th 393 (5th Cir. 2021)........................................11, 13, 18

*R.S. ex rel. Smith v. Starkville Sch. Dist.*,
2013 WL 5295685 (N.D. Miss. 2013)........................................14

*Sonnier v. State Farm Mut. Auto. Ins.*,
509 F.3d 673 (5th Cir. 2007)........................................4

*Strickland v. Bank of New York Mellon*,
838 F. App'x. 815 (5th Cir. 2020)........................................29

*Teague v. Tex. City Indep. Sch. Dist.*,
185 F. App'x. 355 (5th Cir. 2006)........................................13

*Walton v. Alexander*,
44 F.3d 1297 (5th Cir. 1995) (en banc)........................................12, 14

*U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*,
336 F.3d 375 (5th Cir. 2003)........................................26

*Yarbrough v. Denton Indep. Sch. Dist.*,
2021 WL 4704579 (E.D. Tex. 2021)........................................24

## Statutes

42 U.S.C. § 1983 ........................................................................ *passim*

## Rule

Fed. R. Civ. P. 12(b)(6) ........................................................................ 7

## INTRODUCTION

Plaintiff's son was sexually assaulted by another special-needs student at Carroll Middle School ("CISD"). The facts are disturbing and depart from even our lowest expectations. But not every harm finds a remedy in our Constitution. And this one is categorically barred by decades of binding precedent.

Plaintiff brings one claim against CISD—for violation of his son's substantive due process rights under the Fourteenth Amendment. But the Fourteenth Amendment was enacted to "protect the people from the State, not to ensure that the State protect[] them from each other." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989). And the Supreme Court has made clear that "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *Id.* at 197.

The one exception to this rule—that the state bears no constitutional responsibility to protect citizens from harm by private actors—is when the state forms a "custodial special relationship" with a particular citizen (*i.e.*, a *DeShaney* special relationship). *Id.* at 199–200. In *Covington*, this Court confirmed en banc that public schools have no

*DeShaney* special relationship with their students. *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849 (5th Cir. 2012) (en banc). Plaintiff offers no reason for the Court to depart from that governing rule that bars his § 1983 claim. Accordingly, as the district court found, this case "requires a straightforward application of the law recited in [*Covington*]." ROA.148.

No other theory of liability allows Plaintiff to escape the reality that no state actor participated in or had any knowledge of the third-party assaults. The Fifth Circuit has never accepted the state-created danger theory (nor could it be met here) and Plaintiff's vague allegations about unidentified "policies" come nowhere close to what is required to impose municipal liability under § 1983—identifying a specific board policy that was the moving force behind the harms he experienced. Plaintiff may have recourse elsewhere, but none derive from our Constitution. Decades of binding precedent bar his § 1983 claim, and the district court's dismissal should be affirmed.

Finally, the district court did not abuse its discretion in dismissing with prejudice because Plaintiff failed to describe how any second attempt at pleading could cure the legal deficiencies plaguing his claim.

## Restatement of the Issues

(1) Whether the district court erred in dismissing Plaintiff's substantive due process claim under § 1983 for the assault of his son by another student, when no state actor was involved or special relationship identified?

(2) Whether the district court abused its discretion in dismissing Plaintiff's First Amended Complaint with prejudice after finding any amendment would be futile and no proposed amendment was offered?

## Statement of the Case

### I. Factual Background.[1]

In the spring semester of the 2023–2024 school year, Plaintiff's son, F.S., was sexually assaulted by another male student, N., at Carroll Middle School. ROA.27–33. F.S. is non-verbal and suffers from attention deficit disorder, developmental delays, and autism. ROA.27. Both students were enrolled in the special-education program where they had access, along with the rest of the special-education students, to a sensory room within the special-needs classroom, where each of the assaults took place. *See* ROA.27–33.

The first assault that CISD was made aware of took place in the sensory room on May 16, 2024, roughly an hour before the school day ended. *See* ROA.32. N. pulled his pants down and got on top of F.S. who yelled "no" and "get it off." ROA.32. A CISD teacher walked toward the sensory room door where she could see in, entered, and repeatedly asked N. "why." ROA.32. The next day, F.S.'s parents were informed and the resulting investigation revealed that the May 16, 2024 incident (as well

[1] The factual background is taken from Plaintiff's First Amended Complaint, ROA.25–37, accepted as true if well-pleaded, and viewed in the light most favorable to Plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

as twelve others preceding it) were recorded on video. ROA.32. The videos revealed that during the encounters (all of which took place during a window of time in the afternoon when the sensory room is made available to special-education students), N. touched F.S. on and around his genital area and masturbated in front of F.S. ROA.27–32, 111.

Plaintiff alleges that after roughly half of the thirteen occurrences F.S. "attempted to report" the incidents to his teachers by: increasing the volume on his iPad, stating "a-hup" or "no" or "ow." ROA.27–33.[2] The teachers "misread[] F.S.'s request for help" and on at least one occasion thought he was asking to use the restroom. ROA.29, 31.

## II. Procedural Background.

F.S.'s father, Plaintiff Peter Sabine filed suit on behalf of his son on December 13, 2024—alleging a sole claim, deprivation of F.S.'s substantive due process rights under § 1983—against CISD and twenty unnamed CISD employees who were never served ("Doe Defendants"). ROA.5–17. The district court ordered Plaintiff to file a readable

[2] It appears that the vocalizations—"a-hup," "no," and "ow," were recorded inside the sensory room and not in the vicinity of a CISD teacher; but out of an abundance of caution, viewing the evidence in the light most favorable to Plaintiff, CISD includes them as ways in which Plaintiff "attempted to report" the incidents. *See* ROA.27–33.

complaint, which Plaintiff submitted on December 16, 2024 as a First Amended Complaint. ROA.25–37.

CISD moved to dismiss the First Amended Complaint, arguing, among other grounds, that Plaintiff failed to identify a state actor to support his § 1983 claim. ROA.51–53, 54–68 (brief in support), 78–92 (Plaintiff's response), 93–111 (Plaintiff's exhibits), 129–35 (CISD's reply).

The district court granted CISD's motion to dismiss, dismissing the § 1983 claim with prejudice because the lack of any special relationship between CISD and F.S. prevented him from stating a plausible § 1983 claim and any further amendment would be futile. ROA.141–51.

## STANDARD OF REVIEW

The district court's grant of a motion to dismiss is reviewed de novo. *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (citing *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Hodge*, 90 F.4th at 843 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Though "we accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff, conclusory

allegations, unwarranted factual inferences, or legal conclusions are not accepted as true." *Hodge*, 90 F.4th at 843 (quoting *Allen*, 65 F.4th at 743).

"The decision to dismiss with or without prejudice is reviewed for abuse of discretion." *McLemore v. Lumen Technologies, Inc.*, 2026 WL 252698, at *2 (5th Cir. 2026) (citing *Doe 1 v. City View Indep. Sch. Dist.*, 150 F.4th 668, 677 (5th Cir. 2025)). A district court does not abuse its discretion by dismissing claims with prejudice when it gives a substantial reason for the prejudicial dismissal—including "repeated failure to cure deficiencies by amendments previously allowed" or "futility of amendment." *Doe 1*, 150 F.4th at 677 (citations and quotations omitted).

"An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). And "a bare bones request to amend pleadings remains futile when it fail[s] to apprise the district court of the facts that [the plaintiff] would plead in an amended complaint." *Porretto v. City of Galveston Park Bd. of Trs.*, 113 F.4th 469, 491 (5th Cir. 2024) (citations and quotations omitted).

## SUMMARY OF THE ARGUMENT

The district court correctly dismissed Plaintiff's § 1983 claim. The unwanted sexual contact F.S. experienced was perpetrated by another student—a non-state actor. And the Due Process Clause does not require the state to protect citizens from harm caused by private individuals. On appeal, Plaintiff seeks to invoke two exceptions to that well-settled rule, but both are inapplicable and fail to save his claim.

First, the "very limited" special relationship doctrine does not apply to public schools. *Covington*, 675 F.3d at 855–56. The en banc Fifth Circuit has held—repeatedly and consistently—that public schools do not have a special relationship with their students that would impose constitutional liability for the harms of third-parties, like the student assailant here. Plaintiff's new efforts to distinguish the decades of binding precedent on the issue (based on the student's disabilities and enclosed nature of the room where the assaults took place) finds no support in the law or the arguments made below. Courts have uniformly applied the no-special-relationship rule to students with more severe disabilities and to assaults that took place in more restricted areas than the one at issue here. To the contrary, the pleaded facts show that F.S.

moved freely in and out of the room without restriction, far from the state-imposed restraint that the special relationship exception demands.

Second, the state-created danger theory also fails to save Plaintiff's claims. It has been consistently rejected in the Fifth Circuit, and this case gives no reason to depart from that binding precedent. Further, even if the theory were available, Plaintiff forfeited it by failing to raise it below and cannot satisfy it with his pleaded facts. CISD had no knowledge of the assaults until the May 16, 2024 incident—at which time it took prompt action to notify the parents and complete a full investigation. Because CISD did not *knowingly* place F.S. in *specific* danger or take any *affirmative* steps to create a dangerous environment, the theory cannot be met on the pleaded facts regardless of its availability.

Nor do Plaintiff's allegations come close to stating a claim for municipal liability under *Monell*. Plaintiff has never identified a specific board policy or custom that was the moving force behind the assaults.

Finally, the district court did not abuse its discretion in dismissing Plaintiff's § 1983 claim with prejudice. Plaintiff never moved for leave to amend his complaint a second time and never described—below or on appeal—any factual allegations that could cure the legal deficiencies of

his claim. His single, generic request for leave to amend, tucked into the final sentence of his response to CISD's Motion to Dismiss, was insufficient to put the district court on notice of any proposed amendment. And even if Plaintiff had offered a proposed amendment, it would have been futile. No set of facts can overcome the binding Fifth Circuit rule that public schools bear no constitutional duty to protect students from private actors, including other students.

## ARGUMENT

### I. The District Court correctly dismissed Plaintiff's § 1983 claim because the assaults were committed by a student, not a state actor.

To state a claim under § 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854–55 (5th Cir. 2012) (quoting *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008)). The constitutional right Plaintiff claims was violated and seeks to remedy pursuant to 42 U.S.C. § 1983 is F.S.'s right to bodily integrity under the Fourteenth Amendment's Due Process Clause. ROA.34–36, 83–84; Op. Br. at 10.

### A. No exception to the state-actor requirement applies.

Plaintiff concedes that the harms (unwanted sexual contact by N.) were caused by a non-state actor. *See* ROA.85. And that, "[a]s a general rule, the state's failure to protect an individual from [such] private violence does not violate the Due Process Clause." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 421 (5th Cir. 2004); *DeShaney v. Winnebago Cty. Dep't of Soc. Services*, 489 U.S. 189, 195–97 (1989) ("[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors.").

But on appeal, Plaintiff seeks to invoke two exceptions to the state-actor requirement, both of which are inapplicable—(1) the special relationship doctrine (which the Fifth Circuit has consistently held does not apply to public schools) and (2) the state-created danger theory (which has never been recognized by the Fifth Circuit and regardless could not be met here).[3] Op. Br. at 7.

---

[3] Neither theory was raised below and has thus been forfeited, but both are addressed out of an abundance of caution. *See* ROA.25–37 (Plaintiff's First Amended Complaint with no mention of either theory), ROA.78–92 (Plaintiff's Response to the Motion to Dismiss with no mention of either theory); *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first

#### 1. The special relationship doctrine is inapplicable.

The state-actor requirement can be bypassed when the state creates a custodial special relationship with a particular citizen by holding them against their will. *Covington*, 675 F.3d at 855–56 (citing *DeShaney,* 489 U.S. at 199–200). The exception is "very limited" and has been restricted to three specific circumstances (none of which are at issue here)—incarceration, involuntary institutionalization, and placement in foster care. *Id.* (quoting *DeShaney*, 489 U.S. at 197); *Est. of Brown v. Cypress Fairbanks Indep. Sch. Dist.*, 863 F. Supp. 2d 632, 635 (S.D. Tex. 2012) (citing *Griffith v. Johnston*, 899 F.2d 1427, 1439 (5th Cir. 1990)).

Importantly, the en banc Fifth Circuit has consistently rejected the argument that public schools have a special relationship with their students. *See, e.g.*, *Walton v. Alexander,* 44 F.3d 1297 (5th Cir. 1995) (en banc); *Doe v. Hillsboro Indep. Sch. Dist.*, 113 F.3d 1412, 1414 (5th Cir. 1997) (en banc); *Covington*, 675 F.3d at 857 (en banc) ("We reaffirm, then, decades of binding precedent: a public school does not have a *DeShaney*

---

instance in the district court—thus raising it for the first time on appeal—or by failing to adequately brief the argument on appeal.") (citations omitted).

special relationship with its students requiring the school to ensure the students' safety from private actors.").

On appeal, Plaintiff argues that two facts should create a special relationship here—F.S.'s disability and the enclosed nature of the sensory room where the assaults took place. Op. Br. at 7–8 ("F.S.'s severe disabilities [nonverbal, autistic] and dependence on adult supervision created a custodial relationship far beyond ordinary schooling"), 8–9 (claiming the level of control over the "small, enclosed, isolated" sensory room within the special-education classroom should create a special relationship).[4]

First, a custodial special relationship stems from the state's restriction of an individual's "freedom to act on his own behalf." *Robinson v. Webster Cnty., Miss.*, 825 F. App'x. 192, 195 (5th Cir. 2020) (quoting *DeShaney*, 489 U.S. at 200). It is not created by and does not depend on an individual's characteristics or abilities. *See id.* This is why courts have consistently rejected Plaintiff's argument that a student's disability can

[4] As with the special relationship doctrine and state-created danger theory, Plaintiff has forfeited these arguments by failing to raise them below. *Rollins*, 8 F.4th at 397. CISD addresses them out of an abundance of caution to demonstrate that, even if not forfeited, neither provides a basis to upend the Fifth Circuit's rule that no special relationship exists between public schools and public students.

create a special relationship. *See, e.g.*, *Teague v. Tex. City Indep. Sch. Dist.*, 185 F. App'x. 355, 357 (5th Cir. 2006) (school bore no special relationship to a special-education student who was sexually assaulted by another student); *Doe v. Dall. Indep. Sch. Dist.*, 194 F. Supp. 3d 551, 565 (N.D. Tex. 2016) (rejecting a special relationship between a school and a student with cerebral palsy and encephalopathy who was raped by another special-needs student in the school bathroom); *Bright ex rel. Doe v. Tunica Cnty. Sch. Dist.*, 2017 WL 3996409, at *6 (N.D. Miss. 2017) (dismissing special-education student's § 1983 claim based on bullying after she was raped by other students at school); *Walton v. Alexander*, 44 F.3d 1297, 1299 (5th Cir. 1995) (school bore no special relationship with deaf student who attended public school for the deaf and was sexually assaulted by another student); *R.S. ex rel. Smith v. Starkville Sch. Dist.*, 2013 WL 5295685, at *4 (N.D. Miss. 2013) ("Based on the Fifth Circuit's clear precedent, the Court finds no legal support for Plaintiffs' claims that R.S.'s learning disability and/or time spent in ISS created a special relationship with Defendants.") (footnotes omitted).

Second, there is no support for Plaintiff's argument that the location and nature of the sensory room should create a special

relationship. *See* Op. Br. at 8–9. Nor is there any factual support for Plaintiff's new argument that F.S. was "forced to remain in the sensory room" or that "CISD exercised near total control over F.S.'s physical movement, communication, and safety." Op. Br. at 8, 9. To the contrary, the facts as pleaded indicate that F.S. moved freely in and out of the sensory room without any assistance or restriction. *See* ROA.27–32, 31 ("F.S. walks in and out of the sensory room, into the main classroom, for a long time. … F.S. is in the sensory room [then] walks around the classroom trying to get attention."). F.S.'s "freedom to act on his own behalf" was not limited in such a way that would satisfy the special relationship exception to the state-actor requirement. *See DeShaney*, 489 U.S. at 200.

Nor is a special relationship created by virtue of where the harm takes place. Courts have consistently rejected the creation of a special relationship where a student's movement was more severely restricted than F.S. was in the special-education room—*i.e.*, physically taped to a chair to restrict movement (*Johnson v. Crosby Elementary Sch.*, 2024 WL 3641752, at *7 (N.D. Tex. 2024)), and where the location was more secluded than the sensory room—*i.e.*, bathroom facilities. *See Dall. Indep.*

*Sch. Dist.*, 194 F. Supp. 3d at 556 (no special relationship with special-needs student who was raped in the school bathroom); *Doe v. Sabine Par. Sch. Bd.*, 24 F. Supp. 2d 655, 657 (W.D. La. 1998) (no special relationship with kindergartener who was sexually assaulted by another kindergartener in the school bathroom).

Courts routinely dismiss § 1983 claims against school districts that stem from harm committed by other students, as here. *See, e.g.*, *Doe 1 v. Rockwall Indep. Sch. Dist.*, 2024 WL 1837967, at *11 (N.D. Tex. 2024) (dismissing claim against school for sexual abuse of kindergarteners by a sixth-grade student); *Est. of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982, 1001, 1003 (5th Cir. 2014) (affirming dismissal of § 1983 claim, finding because there was no special relationship, the family "cannot make a constitutional claim based on student-to-student harassment"); *Doe v. Leander Indep. Sch. Dist.*, 2020 WL 13833132, at *8 (W.D. Tex. 2020), report and recommendation adopted, 2021 WL 11670039 (W.D. Tex. 2021) (dismissing § 1983 claim over the sexual assault of one kindergarten student by another in the school bathroom).

The Fifth Circuit has consistently enforced the state-actor requirement for public school students, refusing to recognize a special

relationship between students and schools, and this case presents no reason to depart from that binding precedent. *Covington*, 675 F.3d at 857. CISD was not aware of and did not contribute in any way to the unwanted sexual contact and exposure that F.S. experienced from another student. *See* ROA.27–33, 65–66. As soon as CISD became aware of the incident, it took prompt action to notify the parents and complete a full investigation. *See* ROA.32, 65–66, 94–111.

Without a special relationship that would except Plaintiff from the state-actor requirement, his allegations of deliberate indifference are "immaterial" under *Covington*, just as the district court found. ROA.149 (citing 675 F.3d at 863 ("[b]ecause [the Court] find[s] no special relationship, [it does] not address whether the school's alleged actions [or inaction] . . . amounted to 'deliberate indifference.'")).

### 2. The unrecognized state-created danger theory was not raised below and could not be met.

Plaintiff also seeks to save his § 1983 claim on appeal by invoking a theory of liability he concedes has never been accepted in the Fifth Circuit: the state-created danger theory.[5] Op. Br. at 10–13. The en banc

[5] As with the special relationship doctrine, the state-created danger theory was not raised below and has been forfeited. *See* ROA.25–37 (Plaintiff's First Amended

court in *Covington* recognized that "we have never explicitly adopted the state-created danger theory," and declined to do so. 675 F.3d at 864, 865. Since then, the Fifth Circuit has "repeatedly noted" its unavailability. *Doe v. Columbia-Brazoria Indep. Sch. Dist. ex rel. Bd. of Trs.*, 855 F.3d 681, 688 (5th Cir. 2017) (finding the state-created-danger exception was unavailable and nonetheless forfeited by plaintiff's failure to analyze it in a meaningful way in his opening brief) (quoting *Est. of Lance*, 743 F.3d at 1002); *Robinson*, 825 F. App'x. at 196 ("The district court correctly declined to stray from circuit precedent [on the unavailability of the state-created danger theory]. And we decline as well.") (citation omitted).

Accordingly, district courts have routinely dismissed claims premised on the unavailable theory. *See, e.g., Dall. Indep. Sch. Dist.*, 194 F. Supp. 3d at 567; *Crosby Elementary Sch.*, 2024 WL 3641752, at *7; *Rideau v. Keller Indep. Sch. Dist.*, 2012 WL 12885087, at *3 (N.D. Tex. 2012).

Accordingly, in addition to being forfeited below, the expanded theory of liability is not recognized in the Fifth Circuit and cannot save

Complaint with no mention of the theory), ROA.78–92 (Plaintiff's Response to the Motion to Dismiss with no mention of the theory); *Rollins*, 8 F.4th at 397.

Plaintiff's § 1983 claim. But even if the theory were viable, Plaintiff's pleaded facts come nowhere close to establishing a state-created danger.

The unrecognized state-created danger theory requires (1) "th[at] defendants used their authority to create a dangerous environment for the plaintiff" and (2) "that the defendants acted with deliberate indifference to the plight of the plaintiff." *Est. of Lance*, 743 F.3d at 1001–02 (citing *Covington,* 675 F.3d at 865 (quoting *Scanlan v. Tex. A & M Univ.,* 343 F.3d 533, 537–38 (5th Cir. 2003)). So under the exception, "a state actor who knowingly places a citizen in danger may be accountable for the foreseeable injuries that result." *Fisher v. Moore*, 73 F.4th 367, 371 (5th Cir. 2023) (cleaned up).

Here, it is undisputed that CISD was unaware of N.'s sexual contact with F.S. until the May 16, 2024 incident (which was immediately stopped, quickly brought to the parents' attention, and investigated). *See* ROA.32. Accordingly, CISD did not act with *deliberate* indifference and did not *knowingly* place F.S. in any specific danger—as required to satisfy the exception. *See Est. of Lance*, 743 F.3d at 1001–02; *Fisher*, 73 F.4th at 371. To the contrary, Plaintiff's own pleading indicates that F.S.'s

attempts to notify the teachers were unsuccessful and at times misinterpreted as him requesting to use the restroom. ROA.27–33.

Plaintiff's allegations against CISD stem from omissions and a lack of knowledge—there are no allegations that CISD was aware of a specific risk to F.S. or that CISD took any affirmative steps to create a dangerous environment for F.S.[6] *Dixon v. Alcorn Cnty. Sch. Dist.,* 499 F. App'x. 364, 366–68 (5th Cir. 2012) (rejecting theory because there was no evidence that plaintiff was a "*known victim*" and "the fact that a school's policy or procedure presents a risk of harm to students in general is inadequate") (citation omitted); *Fletcher v. Lewisville Indep. Sch. Dist.*, 2016 WL 3381296, at *3–4 (E.D. Tex. 2016), report and recommendation adopted, 2016 WL 1383879 (E.D. Tex. 2016) (holding that the state-created danger theory, even if viable, would not be satisfied because there was no indication the school placed the student in a situation that would not have otherwise existed or took any affirmative actions that made it more likely the student would be assaulted) (citing *Est. of Lance*, 743 F.3d at

[6] Plaintiff's new allegation on appeal, that CISD "repeatedly plac[ed] F.S. alone with N. in the sensory room, despite knowing both boys required constant supervision" (Op. Br. at 12) was not alleged below and finds no support in the pleaded facts. ROA.25–37 (First Amended Complaint has no such allegation); ROA.78–92 (Response to Motion to Dismiss has no such allegation).

1002; *Johnson v. Dall. Indep. Sch. Dist.*, 38 F.3d 198, 201 (5th Cir. 1994)); *Dallas Indep. Sch. Dist.*, 194 F. Supp. 3d at 567 (acknowledging that even if the theory were viable, it was not met because student failed to plead that an official school policy, rather than actions of an individual teacher, placed her in danger).

In the face of this Court's decades-long rejection of the state-created danger theory, Plaintiff makes no argument for why it should be adopted but just recognizes that it could be. *See* Op. Br. at 10 ("While the Fifth Circuit has not explicitly adopted the state-created danger theory, it has not rejected it either.") (citing *Covington*, 675 F.3d at 849). This Court has rejected the state-created danger theory for good reason (it finds no basis in *DeShaney* or the Due Process Clause) and this case provides no reason to revisit that binding precedent. *Covington*, 675 F.3d at 864, 865. Regardless, as demonstrated above, even if the exception were viable, Plaintiff cannot meet it.

### B. Additionally, no CISD policy or custom was alleged that could impose municipal liability.

The district court properly dismissed Plaintiff's § 1983 claim because no special relationship imposed a constitutional duty on CISD to prevent the private harm alleged and because Plaintiff failed to identify

a state actor involved in the alleged harms. ROA.147–49. While the district court did not reach CISD's arguments that Plaintiff failed to establish municipal liability, it is an additional ground on which the Court can affirm. ROA.147.

The Supreme Court has made clear that while governmental entities (including school districts) are subject to § 1983, liability may only be imposed "where [the district] itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)); *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018). In other words, "[m]unicipalities are not liable for the unconstitutional actions of their employees under respondeat superior." *Groden v. City of Dall.*, 826 F.3d 280, 283 (5th Cir. 2016) (citing *Monell*, 436 U.S. at 694).[7]

"To state a claim for municipal liability under 42 U.S.C. § 1983, a plaintiff must allege (1) an official policy (or custom), of which (2) a

[7] Plaintiff's First Amended Complaint lays blame for the harms F.S. experienced at the feet of individual, unnamed, and unserved CISD teachers. ROA.26 (describing the "Doe Defendants" as "employees or agents of Defendant CISD that caused the harms that are the subject of this lawsuit."), 36 (erroneously stating that CISD "is vicariously responsible for actions of employees acting within the scope of their employment."). But Plaintiff later reversed course, conceding that respondeat superior is unavailable and CISD cannot be held responsible for the actions or omissions of individual employees. ROA.86–87.

[municipal] policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Robinson v. Hunt Cnty., Tex.*, 921 F.3d 440, 447 (5th Cir. 2019) (quoting *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002)) (internal quotation marks omitted). Those elements "are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

In other words, "to prevail against a public school district, a plaintiff must show that the district's final policymaker [the board of trustees] acted with deliberate indifference in maintaining an unconstitutional policy that caused the plaintiff's injury." *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 366 (5th Cir. 2020) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 400, 403 (1997)); *Littell*, 894 F.3d at 622–23.

Plaintiff claims on appeal that CISD "demonstrated deliberate indifference by maintaining supervision policies that were obviously inadequate for protecting vulnerable special education students." Op. Br.

at 11–12. But Plaintiff makes no effort, below or on appeal, to identify or describe any such "supervision policies," show that they were adopted by the CISD board, or that they were the moving force of the assaults. ROA.25–37 (Plaintiff's First Amended Complaint does not mention any "policy" or "policies").

Plaintiff offered no facts to support CISD's liability under *Monell* and his claim could have been properly rejected on that basis as well as a lack of a state-actor or special relationship. *See Brittany B. v. Martinez*, 494 F. Supp. 2d 534, 542 (W.D. Tex. 2007) (dismissing a § 1983 claim when plaintiff generically argued "the Board established an informal custom of ignoring or condoning sexual harassment or abuse of students such that it constituted official Board policy"); *Yarbrough v. Denton Indep. Sch. Dist.*, 2021 WL 4704579, at *6–7 (E.D. Tex. 2021) (dismissing vague and conclusory speculations about a school board's knowledge as insufficient to state a plausible claim under § 1983).

Finally, Plaintiff also claims on appeal that the teachers' failure to supervise and come to F.S.'s aid "demonstrate[s] a pattern of conduct that rises to the level of an official custom or policy." Op. Br. at 14. But such allegations (even if they had been made in the First Amended Complaint,

which they were not) are insufficient to plead a failure-to-train claim under § 1983. "To state a cognizable failure-to-train claim, a plaintiff must plead facts plausibly demonstrating that: (1) the municipality's training procedures were inadequate; (2) the municipality was deliberately indifferent in adopting its training policy; and (3) the inadequate training policy directly caused the constitutional violations in question." *Jackson v. Valdez*, 852 F. App'x. 129, 135 (5th Cir. 2021).

Plaintiff's First Amended Complaint has no allegations relating to a specific CISD policy or failure to train. *See* ROA.25–37. The closest Plaintiff comes to articulating any such training policy is a general statement in his Response to the Motion to Dismiss that CISD "does not supervise or train its [sic] employees to react and report to incidents of sexual assault." ROA.86. But such an allegation (even if it was supported by facts in the First Amended Complaint, which it is not) comes nowhere close to articulating a plausible failure-to-train claim. The pleaded facts show no deficiencies in CISD's reaction to the assaults once it was made aware of them and there is no specific training policy identified or described from which the Court could assess their adequacy or connection to the assaults. *See, e.g.*, *Crosby Elementary Sch.*, 2024 WL 3641752, at

*9 (dismissing failure-to-train claim because without a specific allegation regarding the school's training programs, the Court "cannot plausibly infer that these procedures were inadequate").

## II. The District Court did not abuse its discretion in dismissing Plaintiff's First Amended Complaint with prejudice.

Plaintiff also contends that the "district court abused its discretion in denying leave to amend as futile." Op. Br. at 15. But Plaintiff never sought leave to amend his complaint a second time. And while a formal motion to amend is not always required, Plaintiff had to make some effort to identify the contents and grounds of any further amendment. *Doe 1 v. City View Indep. Sch. Dist.*, 150 F.4th 668, 677 (5th Cir. 2025) ("'A formal motion' is not always required if the party requesting amendment has 'set forth with particularity the grounds for the amendment and the relief sought.'") (quoting *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)). The district court properly dismissed with prejudice because Plaintiff failed to offer any amendment, any amendment would have been futile, and Plaintiff had already been afforded a chance to re-plead.

### A. No motion for leave or proposed amendment was offered.

First, the district court did not abuse its discretion by dismissing Plaintiff's claims with prejudice because Plaintiff failed to offer any proposed amendment. Plaintiff never filed a motion for leave to amend his complaint a second time, never sought leave to amend the judgment after his case was dismissed with prejudice, and never previewed in any way an amendment that could cure the legal deficiencies plauguing his claim. Instead, the only mention of an amendment comes in the final sentence of Plaintiff's Response to CISD's Motion to Dismiss: "Should this honorable Court deem Plaintiff's claims inadequate, Plaintiff requests leave to amend the Complaint." ROA.90.

The district court was well-within its discretion to dismiss with prejudice and deny such a general request for leave because Plaintiff made no effort to explain how he would amend to cure any defects. This Court reviewed and affirmed a similar exercise of discretion in *Roe v. United States*, 839 F. App'x. 836, 848 (5th Cir. 2020). In *Roe*, the plaintiff requested a chance to amend in the final paragraph of his response to the motion to dismiss, just as here, but failed to give the district court notice of the nature or contents of any proposed amendment, just as here. *Roe*,

839 F. App'x. at 848. This Court affirmed the dismissal with prejudice because the general request for leave to amend failed to identify the contents of any proposed amendment. *Id.* at 848 (citing *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254–55 (5th Cir. 2003) (affirming denial of a "general curative amendment request" for leave as not an abuse of discretion when the party did not demonstrate how it would re-plead)).

Indeed, this Court routinely affirms such exercises of discretion when plaintiffs fail to describe or offer a curative amendment. *See, e.g.*, *Mandujano v. City of Pharr, Texas*, 786 F. App'x. 434, 437 (5th Cir. 2019) ("leave may be denied where, as here, the movant insisted his complaint sufficed to state a claim and failed to apprise the district court of the facts that he would plead in an amended complaint, if necessary, to cure any deficiencies.") (internal citations and quotations omitted); *Goldstein*, 340 F.3d at 255 (affirming denial of leave to amend where the plaintiff did not specify how a second amended complaint would differ and did not attach a proposed second amended complaint); *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (finding no abuse of discretion in the district court's denial of leave to amend where plaintiffs failed to submit a proposed amended complaint or describe the substance

of any proposed amendment); *City View Indep. Sch. Dist.*, 150 F.4th at 677 (affirming dismissal of claims against school district with prejudice when plaintiff failed to explain the grounds for any proposed amendment or provide facts that would remedy the legal deficiencies).

Plaintiff's one-sentence request for leave did not show what facts, if any, he could allege to overcome the legal deficiencies that bar his claim.

**B. Any amendment would have been futile.**

Second, the district court did not abuse its discretion because a Second Amended Complaint (even if one had been offered) would have been futile because the legal deficiencies plaguing Plaintiff's § 1983 claim are incurable. *Salinas v. City of Hous.*, 138 F.4th 822, 832 (5th Cir. 2025) (citing *Strickland v. Bank of New York Mellon*, 838 F. App'x. 815, 821 (5th Cir. 2020) (quoting *Marucci Sports*, 751 F.3d at 378 ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.")).

No set of facts could plead around the Fifth Circuit's decades-long rule that public schools have no special relationship with students that imposes a constitutional duty to protect them from the acts of third-parties, including other students. *See supra* Arg. § I.A.1. No set of facts

could plead around the central issue: that a private student, not a state actor, perpetrated the unwanted sexual contact. *See* ROA.85. And the district court even analyzed the futility of additional claims that Plaintiff may seek to assert against the sued but not served teachers—finding qualified immunity would bar any of those claims.[8] *See* ROA.151.

As explained above, Plaintiff's bare-bones request for leave to amend does not change the futility of any potential amendment. *Porretto*, 113 F.4th at 491 ("a 'bare bones' request to amend pleadings 'remains futile when it fail[s] to apprise the district court of the facts that [the plaintiff] would plead in an amended complaint.'") (citing *Edionwe*, 860 F.3d at 295 (quoting *Gentilello*, 627 F.3d at 546)).

Indeed, even on appeal Plaintiff's desire to amend is not based on any new set of facts or allegations but on his belief that the Fifth Circuit should consider expanded theories of liability that decades of binding precedent foreclose. *See* Op. Br. at 2 (characterizing fourth issue as "[w]hether the district court abused its discretion in denying leave to

---

[8] Even if the district court's explanation were inadequate for any reason, prejudicial dismissals are affirmed when the justification is "readily apparent" or "ample and obvious" on the record—as it is here because Plaintiff cannot overcome the special relationship bar to his § 1983 claim and failed to preview any proposed amended complaint. *CH Offshore, Ltd. v. Mexiship Ocean CCC S.A. de C.V.*, 163 F.4th 171, 183 (5th Cir. 2025) (quoting *Marucci Sports*, 751 F.3d at 378).

amend as futile when Fifth Circuit precedent has not definitively rejected all theories of liability for student-on-student assaults in public schools"), 15–16 (noting that "Plaintiff's complaint already contains sufficient factual allegations to state a plausible claim under the [unavailable] state-created danger theory").

There is no set of facts that could render Plaintiff's claim against CISD, for unwanted sexual contact by another student, legally cognizable under federal law. The district court correctly exercised its discretion to dismiss Plaintiff's First Amended Complaint with prejudice because any further amendment (none of which was previewed below or on appeal) would be futile.

## CONCLUSION

For these reasons, the Court should affirm.

Respectfully submitted,

/s/ *Timothy Davis*

Timothy Davis
tdavis@jw.com
Allison Allman
aallman@jw.com
JACKSON WALKER LLP
777 Main Street, Suite 2100
Fort Worth, Texas 76102
(817) 334-7200

*Counsel for Defendant-Appellee*
*Carroll Independent School District*

## CERTIFICATE OF SERVICE

I certify that this brief was filed with this Court via the Court's CM/ECF system on March 23, 2026 and that an electronic copy of it was served on counsel of record, as listed below, via Court's CM/ECF system on the same date:

Keith Altman
keithaltman@kaltmanlaw.com
THE LAW OFFICE OF KEITH ALTMAN
30474 Fox Club Drive
Farmington Hills, Michigan 48331
(248) 987-8929

*Counsel for Plaintiff-Appellant*

/s/ *Timothy Davis*
Timothy Davis

## CERTIFICATE OF COMPLIANCE

I certify that:

1. This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(A)(7)(B) because it consists of 6,337 words, excluding parts exempted by Federal Rule of Appellate Procedure 32(f) and Circuit Rule 32.2.

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft 365 Century Schoolbook in 14-point font.

/s/ *Timothy Davis*
Timothy Davis